UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE C.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-154-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff Wayne C. seeks review of the partially favorable decision finding him not disabled before April 15, 2025, and denying his application for Supplemental Security Income before that date. He contends the ALJ erroneously evaluated the medical opinions of the examining and reviewing psychologists and the treating physician. Dkt. 10. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 56 years old; he was 48 years old on his amended alleged onset date and 50 years old on the date the ALJ determined his disability began. Tr. 1837. He has limited education and no past relevant work. *Id.* He applied for benefits in October 2018, alleging disability as of December 18, 2005; he later amended the alleged onset date to the date of his application, October 2, 2018. Tr. 171, 1822. After his application was denied initially and on

reconsideration, the ALJ conducted a hearing and, on September 2, 2020, issued a decision finding plaintiff not disabled. Tr. 13-25. Plaintiff sought judicial review, and, on December 10, 2021, this Court reversed the Commissioner's final decision and remanded for further administrative proceedings. Tr. 1230-34. On remand, the ALJ conducted a second hearing and, on May 16, 2023, issued a second decision finding plaintiff not disabled. Tr. 1146-65. Plaintiff again sought judicial review and, on May 22, 2024, at the stipulation of the parties, the Court issued an order reversing the second decision and remanding the case for further administrative proceedings. Tr. 1982-83. The ALJ conducted another hearing and, on September 25, 2025, issued a partially favorable decision finding that plaintiff was not disabled before April 15, 2025, but became disabled on that date. Tr. 1822-39. Plaintiff now seeks review of the partially favorable April 2025 decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date; he had the following severe impairments: degenerative disc disease, migraine, ischemic heart disease, depressive disorder, anxiety disorder, trauma-related disorder, and attention-deficit/hyperactivity disorder; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 1824-25. The ALJ found plaintiff had the residual functional capacity to perform light work with additional physical, mental, and social limitations. Tr. 1827. The ALJ found plaintiff had no past relevant work but, prior to the date his age category changed, there were jobs that exist in significant numbers in the national economy that he could perform. Tr. 1837-38. The ALJ found beginning on the date his age category changed, there were no jobs that exist in significant

[1] 20 C.F.R. § 416.920.

numbers in the national economy that plaintiff could perform. Tr. 1839. The ALJ therefore found plaintiff not disabled prior to April 15, 2025, but became disabled on that date and continued to be disabled through the date of the decision. *Id.*

## DISCUSSION

The Court will reverse the ALJ's decision only if it is unsupported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

When evaluating medical opinions, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. § 416.920c(b)(2), (c). The ALJ must explain in her decision how she considered the factors of supportability and consistency. 20 C.F.R. § 416.920c(b). The ALJ is not required to explain how she considered the other factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. § 416.920c(b)(3). These regulations supplant the hierarchy governing the weight an ALJ must give medical opinions and the requirement that the ALJ provide specific and legitimate reasons to reject a treating doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). An ALJ cannot reject a doctor's

opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

*1. Dr. Neims*

Dan Neims, Psy.D. examined plaintiff three times before the amended alleged onset date. In January 2016, Dr. Neims found plaintiff had anxiety disorder, personality disorder, rule out ADHD, and rule out unreported history of chemical dependency. Tr. 312. He opined plaintiff had moderate limitations in a number of functional areas and his overall severity rating was moderate, and these limitations would last 6 to 12 months. Tr. 312-13. He noted plaintiff's past history indicated continuous polysubstance dependence, but plaintiff vehemently denied any current or past substance use, and the Rey 15-item memory test was suggestive of malingering. Tr. 313.

The ALJ found this opinion not persuasive, as it occurred years before the amended alleged onset date, it noted moderate limitations but assessed a duration of as little as 6 months, and Dr. Neims's note of testing results suggestive of malingering and inconsistencies with past records regarding substance use undermine his opinion, although the ALJ found the observations of inconsistent statements was somewhat persuasive because they are consistent with other evidence of inconsistencies. Tr. 1835.

In January 2017, Dr. Neims found plaintiff had anxiety disorder, personality disorder, and rule out ADHD. Tr. 333. He opined plaintiff had moderate limitations in a number of functional areas and marked limitations in his ability to communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 333-34. Dr. Neims noted inconsistencies in past evaluations regarding more proximal drug use and plaintiff's

adamant denial of ongoing abuse, and recommended a chemical dependency assessment and vocational training or services. Tr. 334. Dr. Neims again noted the Rey 15-factor test was indicative of possible malingering behavior. Tr. 338. He opined plaintiff's overall severity rating was moderate and these limitations would last 8 to 12 months. Tr. 834.

The ALJ found this opinion not persuasive because it was not well supported, noting Dr. Neims's report of inconsistencies from past evaluations regarding drug use and plaintiff's adamant denial of ongoing drug abuse. Tr. 1835. The ALJ found Dr. Neims again noted testing results indicative of possible malingering behavior, opined a duration that may be less than a year, suggested vocational training which the ALJ found to be out of alignment with disability, and did not explain what caused him to opine greater limitations than in 2016. *Id.* And the ALJ found this evaluation occurred more than a year before the amended alleged onset date and was inconsistent with plaintiff's presentation to treatment providers during the relevant period. *Id.*

In September 2018, Dr. Neims assessed the same diagnoses as in January 2017, opined plaintiff had the same moderate and marked limitations, and again assessed plaintiff's overall limitation as moderate. Tr. 344-45. He again noted plaintiff denied polysubstance use despite a prior diagnosis and that testing indicated possible malingering behavior. Tr. 345, 349. He opined plaintiff's impairment would last 6 to 12 months. Tr. 345.

The ALJ found this opinion also not persuasive, noting while closer in time it was still before the amended alleged onset date, Dr. Neims again found indications of possible malingering behavior, and plaintiff made statements to Dr. Neims that were inconsistent with his statements later in the record. Tr. 1836. The ALJ further found Dr. Neims again did not support the changes from the 2016 examination, the abnormalities in his examination did not clearly

correlate with marked limitations, and the opinion was inconsistent with mental status examinations in the treatment record. *Id.*

Plaintiff argues the ALJ erred by failing to consider how the 2016 and 2017 opinions related to the supportability of the 2018 opinion, as this Court instructed in its 2021 order. Dkt. 10 at 4. In the September 2020 decision, the ALJ did not consider the 2016 and 2017 opinions because they were more than one year before the application date and were from a period that had already been adjudicated. Tr. 23. This Court found error in the ALJ's failure to consider these opinions and directed the ALJ to evaluate them on remand, specifically with respect to how they relate to the supportability of the 2018 opinion. Tr. 1232. The ALJ evaluated the persuasiveness of these opinions in both the 2023 decision and the 2025 decision at issue here, including finding Dr. Neims failed to provide an explanation to support his findings of greater limitations in 2017 and 2018 than in 2016. Plaintiff asserts the fact that Dr. Neims found greater limitations in the later opinions establishes a decline in his mental functioning over that period. Dkt. 10 at 5. But plaintiff merely proposes an alternative interpretation of how the earlier opinions relate to the supportability of the latter one. The ALJ's finding the lack of explanation for the greater limitations undermined the supportability of the later opinions is a reasonable interpretation of the evidence which this Court cannot disturb. *Thomas*, 278 F.3d at 954. The ALJ did not err by failing to consider these opinions or how they relate to the supportability of the 2018 opinion.

Plaintiff argues the ALJ erred by relying on the Rey testing results to find the opinions not persuasive because Dr. Neims expressed a concern, but did not conclude, plaintiff was malingering, and because there is literature, including internal Social Security documents, that indicates the Rey test should not be used as a sole measure to detect malingering. Dkt. 10 at 5.

The ALJ considered Dr. Neims's own interpretation of the Rey testing he administered. The ALJ was not required to ignore that interpretation because Dr. Neims did not formally diagnose or otherwise conclusively assess malingering. And even if the literature identified by plaintiff was controlling in the ALJ's assessment of medical opinions, the ALJ did not rely on the Rey test as a definitive measure of malingering but instead as one factor in evaluating the persuasiveness of Dr. Neims's opinions. The ALJ did not err in considering Dr. Neims's assessment of the Rey testing results in finding the opinions not persuasive.

Plaintiff argues the ALJ erred in relying on Dr. Neims's concerns about plaintiff's inconsistent statements regarding substance use because Dr. Neims stated that he did not believe the effects on basic work activities were primarily the result of substance use disorder. Dkt. 10 at 6. But the ALJ did not rely on these statements to find that drug use caused plaintiff's limitations. Rather, the ALJ found Dr. Neims's comments about the inconsistencies undermined the supportability of Dr. Neims's opinion. This was a rational interpretation of Dr. Neims's statements. Plaintiff also argues while Dr. Neims expressed concerns about the discrepancy between plaintiff's history of substance abuse in the record and his denial of such abuse, Dr. Neims did not state his opinions were compromised by these concerns and the ALJ's reliance on these concerns was mere "speculation." Dkt. 10 at 6. But "determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [medical providers] falls within [the ALJ's] responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). The ALJ was not required to ignore Dr. Neims's concerns about plaintiff's inconsistent statements merely because Dr. Neims did not himself state that those concerns undermined his opinion. The ALJ did not err by

concluding the inconsistencies Dr. Neims discussed undermined the persuasiveness of his opinions.

Plaintiff argues the ALJ erred in finding plaintiff made statements to Dr. Neims that were inconsistent with his later statements in the record. Dkt. 10 at 8. The ALJ gave as an example plaintiff reported to Dr. Neims in 2018 that he had an unstable residence living with friends, while at the hearing plaintiff testified to living in the same home with a significant other for 20 years. Tr. 1836. Plaintiff asserts the ALJ mischaracterized the record because when the ALJ asked plaintiff to confirm if his living situation had been the same for 20 years, plaintiff answered, "Yes, sir, we had about a five-year break in between." Tr. 1909; Dkt. 10 at 8. Although plaintiff characterizes this statement as establishing error in the ALJ's assessment of the record, this statement is ambiguous. Plaintiff's proposed interpretation does not establish the ALJ erred in finding inconsistencies between plaintiff's statements to Dr. Neims and elsewhere in the record.

Plaintiff argues the ALJ erred in finding the abnormalities Dr. Neims found in his examination did not clearly correlate with the marked limitations he opined and were inconsistent with the mental status examinations in the record. Dkt. 10 at 8. Dr. Neims found on mental status examination plaintiff had "Patterns of negative impression management with issues of help seeking behavior and a perception of external foci of control," anxious and dysphoric mood, and labile affect, but otherwise found plaintiff's mental status to be within normal limits or at most "borderline." Tr. 345-46. The ALJ found, while assessing plaintiff's subjective testimony, the mental status exams in the treatment notes show that he is sometimes found to have depressed, dysphoric, or anxious mood and flat or tense affect, but he is also consistently found to be cooperative, calm, with normal speech, logical thought process, no hallucinations or

delusions, fully oriented, and with appropriate memory, judgment, and insight. Tr. 1831-32. The ALJ did not err by relying on these same treatment notes to find Dr. Neims's opinion was unsupported by his own examination and inconsistent with the mental status exams in the treatment record.

Plaintiff argues the ALJ erred by finding the opinions not persuasive because they were dated prior to the alleged onset date. Dkt. 10 at 4, 7. Medical opinions that predate the alleged onset of disability are of limited relevance. *Ahern v. Saul*, 988 F.3d 1111, 1118 (9th Cir. 2021) (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Dr. Neims's opinions from 2016 and 2017 predate the alleged onset date by more than a year. The ALJ did not err by finding them not persuasive for this reason. The 2018 opinion, however, was made the month before the alleged onset date and, as Dr. Neims stated that the limitations he opined would last 6 to 12 months, applied to the relevant period. However, because the ALJ gave other, valid reasons to find the opinion not persuasive, any error here is harmless. *See Molina*, 674 F.3d at 1122 (an error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination).

Plaintiff argues the ALJ erred in considering the duration of Dr. Neims's opinions because the ALJ focused on only the shortest duration Dr. Neims opined rather than the full range. Dkt. 10 at 4, 6, 8. The Court agrees the ALJ erred by evaluating the opinions as if Dr. Neims had opined only the shortest duration rather than a range of up to 12 months in each opinion. This is especially relevant with respect to the 2018 opinion, which, as noted above, was made the month prior to the alleged onset date and therefore related to the period at issue. However, as the ALJ gave other, valid reasons for finding the opinions not persuasive, the Court finds this error harmless. *Molina*, 674 F.3d at 1122.

In sum, the ALJ gave valid reasons, supported by substantial evidence, to find Dr. Neims's opinions not persuasive.

*2. Dr. Carstens*

In September 2018, Luci Carstens, Ph.D., reviewed selected medical evidence dated between 2010 and 2018, including Dr. Neims's 2018 opinion, and essentially agreed with Dr. Neims's assessment, although she believed that a longer duration of 18 to 24 months should be considered. Tr. 306-07. She opined the same moderate and marked limitations as Dr. Neims. Tr. 308-09. The ALJ found Dr. Carstens did not actually examine plaintiff, she provided little narrative explanation to support her opinion, and she did not appear to consider Dr. Neims's comments about the Rey testing results or plaintiff's inconsistent statements. Tr. 1836. The ALJ found because it appeared Dr. Carstens merely reiterated Dr. Neims's assessment, Dr. Carstens's opinion was not fully persuasive to the extent Dr. Neims's opinion was not fully persuasive. *Id.*

Plaintiff argues the ALJ erred in finding Dr. Carstens's opinion not persuasive because Dr. Carstens reviewed records other than Dr. Neims's 2018 opinion, there is no requirement a doctor examine a claimant before opining on his functional limitations, and other doctors the ALJ found persuasive, including the Social Security medical consultants, also provided opinions without examining plaintiff. Dkt. 10 at 10-11. Plaintiff also argues the ALJ's finding that Dr. Carstens "merely reiterated" Dr. Neims's opinion is an assumption not based upon the record and it would be reasonable to conclude Dr. Carstens reviewed all the information in Dr. Neims's report and found plaintiff had disabling limitations. *Id.*

Plaintiff's contentions all ask the Court to rely on his proposed alternative interpretations of Dr. Carstens's opinion to find error in the ALJ's assessment of the opinion. But these alternative interpretations, no matter how reasonable, do not establish error in the ALJ's

interpretation. *Thomas*, 278 F.3d at 954. The ALJ acknowledged all the reports Dr. Carsten reviewed, not just Dr. Neims's opinion. The ALJ's focus on Dr. Carstens's reliance on Dr. Neims's opinion was reasonable, as Dr. Carstens stated multiple times her opinion was consistent with or based on the opinions expressed in Dr. Neims's report. And, as the Court has concluded the ALJ found Dr. Neims's opinion unpersuasive for valid reasons, the ALJ did not err in relying on those same reasons for finding Dr. Carstens's opinion not persuasive. Plaintiff may disagree with the ALJ's assessment of these opinions and may have proposed a reasonable alternative interpretation, but that does not establish error in the ALJ's assessment of Dr. Carstens's opinion. The ALJ gave valid reasons, supported by substantial evidence, for finding Dr. Carstens's opinion not persuasive.

*3. Dr. Mashburn*

David Mashburn, Ph.D., examined plaintiff by telephone in November 2022 and diagnosed PTSD and major depression with psychotic symptoms. Tr. 1516-20. Dr. Mashburn opined plaintiff had marked impairment in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; ask simple questions and request assistance; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms; he further opined that plaintiff had numerous other moderate limitations and his overall severity rating was marked. Tr. 1518.

The ALJ found this opinion not persuasive. Tr. 1836. The ALJ found Dr. Mashburn reviewed no records, including prior evaluations showing inconsistencies, and conducted the interview over the phone, so certain key observations were unavailable to him. *Id.* The ALJ also

found Dr Mashburn relied on plaintiff's reports of auditory and visual hallucinations, but those reports appeared to be inconsistent with the record. Tr. 1836-37.

Plaintiff argues there is no requirement that a doctor conduct an examination in person or review records for an opinion to be probative, asserting Dr. Mashburn based his opinion on his clinical interview and his own clinical observations, and noting the ALJ found persuasive opinions from medical consultants who did not treat or examine plaintiff. Dkt. 10 at 12. While plaintiff is correct there are no such requirements, the ALJ did not err by considering these factors in evaluating the opinion. Dr. Mashburn noted on mental status examination "This exam was done over the phone, so observations are limited," and he stated he did not assess affect and was unable to perform or had to alter the performance of some mental status examination tasks. Tr. 1519, 1522. And the ALJ noted Dr. Mashburn did not review any records to corroborate plaintiff's statements, including prior evaluations showing inconsistencies. Tr. 1837. These were valid reasons to discount the opinion. The fact the ALJ found the consulting doctors' opinions persuasive reflects the ALJ's weighing of the evidence, which this Court cannot disturb.

Plaintiff also argues the ALJ erred in evaluating Dr. Mashburn's reliance on plaintiff's reports of auditory and visual hallucinations by failing to explain how these reports were inconsistent with the record or cite to evidence to support this assessment. Dkt. 10 at 13. Plaintiff asserts he did report such hallucinations to providers and there is no inconsistency because he also reported he believed in spirits and heard God's voice. *Id.* Plaintiff cites two treatment notes where he reported visual and/or auditory hallucinations. Plaintiff reported in October 2014 he heard whispers he did not understand and saw a figure walk past his door when he was home alone; he also stated he believes in spirits. Tr. 3192. Plaintiff reported in June 2025 that he has a history of hearing sounds or voices that might not be present and stated that he hears God's voice

every day. Tr. 3209. These two notes, separated by nearly a decade and one of which is dated four years before the alleged onset date, do not show the ALJ erred by finding Dr. Mashburn's reliance on plaintiff's reports of hallucinations inconsistent with the record as a whole. And plaintiff's explanation he did not report hallucinations to providers because he believed in spirits or that he was hearing the voice of God does not explain why the record does not support his claimed hallucinations and thus fails to show the ALJ erred.

The ALJ considered the supportability and consistency of the opinion and gave valid reasons, supported by substantial evidence, for finding it not persuasive.

*4. Dr. Crystal*

Sarah Crystal, Ph.D., examined plaintiff by telephone in February 2025 and diagnosed major depressive disorder, PTSD, and a psychotic disorder. Tr. 3112-16. She opined plaintiff had numerous marked and severe limitations and his overall severity level was severe. Tr. 3114-15.

The ALJ found this opinion not persuasive, finding it was unsupported by Dr. Crystal's lack of review of any records and was limited by being conducted by phone. Tr. 1837. The ALJ found Dr. Crystal's diagnosis of a psychotic disorder undermined her opinion given the inconsistencies of this in the record, her lack of observation of response to internal stimuli, and it was inconsistent to all other opinions in the record and plaintiff's presentation to treating providers and other examiners. *Id.* The ALJ also found the opinion unsupported by Dr. Crystal's statements noting no current psychiatric treatment and plaintiff's ability to perform various activities with no explanation as to how these relate to the severe limitations she opined. *Id.* And the ALJ found Dr. Crystal noted plaintiff had been in and out of psychiatric hospitals but then denied history of inpatient psychiatric treatment. *Id.*

Plaintiff again argues the ALJ erred in considering the fact Dr. Crystal conducted the examination over the telephone and did not review any records. Dkt. 10 at 14. For the same reasons discussed with respect to Dr. Mashburn's opinion, the ALJ did not err by considering these factors in evaluating the opinion.

Plaintiff argues the ALJ erred in finding Dr. Crystal's diagnosis of a psychotic disorder was inconsistent with all the other opinions in the record, noting Dr. Mashburn diagnosed plaintiff with major depression with psychotic symptoms and plaintiff was diagnosed with major depression with psychotic symptoms and schizoaffective disorder at Valley Cities Behavioral Health in June 2025. Dkt. 10 at 14. Plaintiff points to a medical opinion the Court has found the ALJ validly determined to be not persuasive and one other treatment note containing a diagnosis. Tr. 1517, 3238. This evidence is insufficient to establish the ALJ erred in finding Dr. Crystal's opinion inconsistent with the other opinions of record, as the opinions the ALJ found persuasive did not include a diagnosis of a psychotic disorder. And even if this evidence was sufficient to establish error, the ALJ gave other, valid reasons for finding the opinion not persuasive, rendering any error here harmless. *Molina*, 674 F.3d at 1122.

Plaintiff argues the ALJ erred in finding Dr. Crystal's opinion unsupported by her statements noting no current psychiatric treatment and plaintiff's ability to cook, drive himself, maintain a relationship with his girlfriend, manage finances, play guitar, and watch online videos without specifying how these activities undermine Dr. Crystal's opinion or reflect on plaintiff's ability to work. Dkt. 10 at 14-15. However, the ALJ did not find that these activities demonstrated plaintiff's ability to work. Rather, the ALJ found an inconsistency between Dr. Crystal's opinion of severe limitations and her description of plaintiff's ability to perform a wide

range of activities. This was a reasonable interpretation of the opinion which this Court cannot disturb.

Plaintiff argues the ALJ did not explain the finding that Dr. Crystal noted at one point plaintiff was in and out of psychiatric hospitals but stated elsewhere that plaintiff denied a history of inpatient psychiatric treatment. Dkt. 10 at 15. Plaintiff describes evidence in the record of his history of psychiatric hospitalizations, stating this evidence clarifies Dr. Crystal's misunderstanding of the evidence. *Id.* The ALJ identified a contradiction in Dr. Crystal's opinion, which states both that plaintiff had multiple hospitalizations (Tr. 3114) and that he had no history of inpatient psychiatric treatment (Tr. 3113). The ALJ is entitled to rely on such inconsistencies within an opinion. Plaintiff's proffered explanation, that Dr. Crystal misunderstood the evidence, does not contradict the ALJ's finding and in fact serves to strengthen it. The ALJ did not err by relying on contradictory statements within the opinion to find it not persuasive.

The ALJ considered the supportability and consistency of the opinion and gave valid reasons, supported by substantial evidence, for finding it not persuasive.

*5. Dr. Fuller*

Jill Fuller, D. O., plaintiff's primary care physician, opined in February 2023 that due to heart disease and chronic neck arthritis, plaintiff was limited to less than sedentary work, needed to change positions every 30 to 60 minutes, was limited in pushing and pulling with his upper extremities, could never perform postural activities, could never reach, handle, or finger, was restricted from heights, moving machinery, and temperature extremes, would miss work more than twice a month, would require extra breaks, and would require accommodations such as flexible scheduling. Tr. 1811-14. She also stated he suffers from mental health issues for which

he sees an outside provider, and he would likely miss days of work when his depression and anxiety were severe. Tr. 1815.

In August 2025, Dr. Fuller opined plaintiff could perform sedentary work but could stand and walk less than two hours per day and sit less than four hours per day, was limited in pushing and pulling in both upper and lower extremities, could never climb, crouch, kneel, or crawl but could occasionally balance and stoop, could reach, handle, and finger occasionally, had environmental restrictions in all areas except noise, would miss work more than twice a month, would require extra breaks, and would require accommodations such as flexible scheduling. Tr. 3240-43.

The ALJ found these opinions unpersuasive. Tr. 1833. The ALJ gave numerous reasons for this finding, including the opinions contained little narrative support and the support included was conclusory and inconsistent with plaintiff's activities and trips; the doctor appeared to rely on plaintiff's self-report because the limitations were not supported by the objective evidence; the opinions were unsupported by minimal treatment, including the doctor's statement in her 2023 opinion that she saw plaintiff infrequently and had last seen him in 2021; the two opinions did not align, with areas of both worsening and improvement, with no explanation for the discrepancy; the opinions were unsupported by her concurrent examinations, where the doctor suggested plaintiff increase his exercise, found him in no acute distress, and reported that he likes to go see live music despite saying he is afraid to leave his home; the doctor mentioned plaintiff's heart problems but did not explain how those would limit his functioning and referenced conditions such as left arm numbness that are not established in the medical record; the doctor appeared to consider plaintiff's mental health issues in forming her opinion but she did not treat him for those issues; and the opinion is inconsistent with plaintiff's claims, which

did not include being unable to function while seated and which included instances of sitting for long periods such as driving or riding to Oregon and Montana. Tr. 1833-34.

Plaintiff argues the ALJ's reasons for discounting the opinion are vague, lack explanation, and are unsupported by substantial evidence. Dkt. 10 at 16. Plaintiff argues the ALJ held Dr. Fuller to a higher standard than the consulting doctors and asserts her treating relationship with plaintiff, even with limited appointments, would be more informed and preferred than that of an examining or reviewing doctor. *Id.* But the regulations as revised in 2017 supplant the hierarchy that gave greater weight to a treating or examining source over a source who only reviewed records. *Woods*, 32 F.4th at 792. The ALJ was not required to give any special weight to Dr. Fuller's opinion because she was plaintiff's primary care physician.

Plaintiff argues the ALJ erred by discounting Dr. Fuller's opinion on the basis the doctor relied on plaintiff's self-reports. Dkt. 10 at 17. Plaintiff is correct in that an ALJ does not provide adequate reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200 (9th Cir. 2008). But here, the ALJ found Dr. Fuller's opinion was conclusory and did not contain her own observations in support of her opinion. An ALJ may discount an opinion that is brief, conclusory, and inadequately supported by medical records. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ did not err in finding the opinion not persuasive because it was conclusory and not supported by Dr Fuller's own observations.

Plaintiff argues Dr. Fuller did not rely on plaintiff's mental health conditions as the basis for all the limitations she opined and asserts that a primary care physician may assess limitations based on mental health impairments. Dkt. 10 at 17. However, the ALJ noted Dr. Fuller appeared

to rely on plaintiff's mental health issues when opining as to his ability to attend work regularly and he discounted those opinions because she did not treat those issues. The ALJ did not err by finding unpersuasive Dr. Fuller's opinion on a medical issue she did not treat.

Plaintiff argues the ALJ erred by finding Dr. Fuller's opinion inconsistent with plaintiff's lack of allegation he was unable to function while sitting and his ability to sit for long drive. Dkt. 10 at 17-18. Plaintiff is correct in that the ability to perform sedentary work encompasses more than being able to function while sitting and a claimant need not allege an inability to function while sitting to establish that he cannot perform sedentary work. However, because the ALJ gave valid reasons, supported by substantial evidence, for finding Dr. Fuller's opinions unpersuasive, any error here was harmless. *Molina*, 674 F.3d at 1122.

The ALJ considered the supportability and consistency of the opinion and gave valid reasons, supported by substantial evidence, for finding it not persuasive.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 28th day of July, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge